FILED

2016 Feb-01  PM 02:43
U.S. DISTRICT COURT
N.D. OF ALABAMA

# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ALABAMA

2016 FEB -1  A 11: 29

U.S. DISTRICT COURT
N.D. OF ALABAMA

Inmate Identification Number:

#13436-040

MICHELLE DENISE SMITH
(Enter above the full name of the plaintiff
in this action)

vs.

A. WASHINGTON-ADDUCI,

WARDEN

(Enter above full name(s) of the defendant(s)
in this action)

> **NOTICE TO FILING PARTY**
>
> *It is your responsibility to
> notify the clerk in writing of any
> address change.*
>
> *Failure to notify the clerk may
> result in dismissal of your case
> without further notice.*

CV-16-K-0184-W

I.     Previous lawsuits

A.     Have you begun other lawsuits in state or federal court(s) dealing with the
       same facts involved in this action or otherwise relating to your imprisonment?
       Yes ( )          No (X )

B.     If the answer to (A) is "yes," describe each lawsuit in the space below. (If there is more
       than one lawsuit, describe the additional lawsuit(s) on another piece of paper, using the
       same outline.)

1.     Parties to this previous lawsuit:

Plaintiff: _____

_____

Defendant(s): _____

_____

2.   Court (if Federal Court, name the district; if State Court, name the county)

_____

3.   Docket number _____

4.   Name of judge to whom case was assigned _____

_____

5.   Disposition (for example: Was the case dismissed?  Was it appealed?  Is it still pending?) _____

_____

6.   Approximate date of filing lawsuit _____

_____

7.   Approximate date of disposition _____

II.   Place of present confinement  FCI ALICEVILLE _____

A.   Is there a prisoner grievance procedure in this institution?
     Yes ( X )          No (   )

B.   Did you present the facts relating to your complaint in the state prisoner grievance procedure?          Yes ( X )          No (   )

C.   If your answer is YES:

1.   What steps did you take?  I EXHAUSTED ALL REMEDIES FROM THE

     8½ ALL THE WAY THROUGH TO THE 11(CENTRAL OFFICE)

2.   What was the result?      ALL LEVELS WERE DENIED. (SEE ATTACHED)

_____

D.   If your answer is NO, explain why not: _____

_____

_____

_____

_____

3

III.   Parties.

In item (A) below, place your name in the first blank and place your present address in the second blank.

A.   Name of Plaintiff(s)  MICHELLE SMITH   FCI ALICEVILLE   PO BOX 4000

Address   ALICEVILLE  ALABAMA   33542

In item (B) below, place the full name of the defendant in the first blank, his official position in the second blank, and his place of employment in the third blank. Use Item (C) for the names, positions, and places of employment of any additional defendants.

B.   Defendant   A. WASHINGTON - ADDUCI

Is employed as    WARDEN

at   FCI ALICEVILLE  PO BOX 4000 ALICEVILLE AL. 35442

C.   Additional Defendants

IV.   Statement of Claim

State here, as briefly as possible, the FACTS of your case. Describe how each defendant is involved. Include also the names of other persons involved, dates and places. Do not give any legal arguments or cite any cases or statues. If you intend to allege a number of related claims, number and set forth each claim in a separate paragraph. Use as much space as you need. Attach extra sheets, if necessary.

WHILE IN THE CUSTODY OF THE WARDEN, MRS. ADDUCI, I RECEIVED GRIEVOUS

BODILY HARM ON MY PERSON, BY ANOTHER INMATE. KEEPING TO THE FACTS IN

THIS BRIEF SUMMARY, I STATE THE FOLLOWING:  ON 1/27/14, INMATE

SHARON RIVERS CAME OUT OF BOUNDS, INTO MY ASSIGNED CELL, THREATENING

TO CAUSE ME HARM.

4

STATEMENTS OF FACTS CONTINUATION

AS I WAS TAKING CARE OF SOME HYGIENIC TASKS, SAID INMATE AND MYSELF
HAD SOME WORDS AND DEPARTED. UNBEKNOWNST TO ME, SAID INMATE PLOTTED
TO INFLICT DAMAGE TO MY PERSON. AS I AM TAKING CARE OF MY BUSINESS, NOT
THINKING ABOUT THIS INMATE, SHE BOILED A MUG OF HOT WATER IN THE
MICROWAVE AND THREW IT AT ME, CATCHING ME OFF GUARD. THE SCALDING
WATER, CREATED HORRIFIC BURNS, THAT TO THIS DAY, REMIND ME OF HOW
RIVERS WAS ABLE TO GET AWAY WITH THIS ACT, WAS ABLE TO REMAIN ON THE
SAME COMPOUND WITH ME, AND NOT RECEIVE AN ASSAULT CHARGE, AS THIS IS
WHAT IT WAS. I HAVE PERMANENT SCARS, AND THE BOP FEELS THAT THE
CREAMS, PAIN MEDS, AND DRESSINGS, SUFFICE TO "FIX" THE PROBLEM. NONE
OF WHAT WAS PRESCRIBED CAN HEAL THE MENTAL ANGUISH THAT I LIVE WITH
EVERYDAY, ESPECIALLY WHEN I LOOK AT MY CHEST. I DID NOT COME INTO
PRISON TO BE ASSAULTED AND TO RECEIVE PERMANENT SCARRING AND SKIN
DISCOLORAITON, AS THE BOP SO KINDLY PUTS IT. I CAME HERE TO SERVE OUT
THE SENTENCE IMPOSED UPON ME. IT WAS THE WARDEN"S RESPONSIBILITY TO
INSURE THAT MY RIGHTS GUARANTEED UNDER THE AMENDMENTS ARE UPHELD. SHE
WAS NEGLIGENT IN NOT DOING SO, AND SHOWED FURTHER DEFERENCE AND LACK
OF REGARD BY PLACING THE INMATE BACK INTO GENERAL POPULATION, KNOWING,
THAT SHE WAS A THREAT, AS SHE HAS BEEN IN SEGREGATED HOUSING ON
NUMEROUS OCCASSIONS, DUE TO HER DISRUPTIVE, DISRESPECTFUL, AND
CONTINUOUS DISGUSTING BEHAVIOR.

I NEVER ONCE TOLD SIS THAT I WAS COMFORTABLE WITH THE INMATE BEING
PLACED BACK INTO POPULATION. AS A MATTER OF FACT, I TOLD THEM THE
OPPOSITE, YET MY CONCERNS WERE NOT HEEDED. THE WARDEN MADE A JUDGEMENT
CALL TO CONTINUOUSLY PLACE A DERANGED INMATE INTO POPULATION, WHO
ULTIMATELY FELT IT NORMAL TO BOIL WATER, AND THROW IT INTO SOMEONE"S
FACE.

THANK GOD, THAT  HER AIM WAS OFF, AND THE WATER HIT MY CHEST. I
CANT EVEN IMAGINE THE EXCRUCIATING PAIN I WOULD HAVE FELT THEN,
AS I CAN ONLY ATTEST TO WHAT I FEEL NOW.

THIS MATTER ISNT SOME SIMPLE INMATE SQUABBLE THAT OCCURS EVERYDAY
OVER MINOR THINGS, SUCH AS MICORWAVE USAGE, OR TV ISSUES. OFCOURSE
AS WOMEN LIVING TOGETHER IN CONFINED QUARTERS, THERE WILL BE
DISAGREEMENTS. THERE WILL BE SOME INSULTING WORDS. BUT, AT THE  END
OF THE DAY, YOU MOVE ON. BUT WITH THIS IMATE, (RIVERS), THE WARDEN,
WAS AWARE OF THE TICKING TIME BOMB THAT SHE ALWAYS KEPT PUTTING
BACK ON THE COMPOUND, NOT TAKING INTO ACCOUNT, THE SAFETY OF THE
REST OF HER WARDS, AS WE ARE IN HER CUSTODY. THIS OMMISSION, THIS
BAD JUDGEMENT CALL, IS WHAT LED TO MY DISFIGUREMENT AND CONTINUED
PAIN, PHYSICALLY AND MENTALLY.

THIS ISNT SOME MADE UP STORY. THE PICTURES OF THE INJURIES
SUSTAINED, TELL THE TRUTH.

V.    RELIEF

State briefly <u>exactly</u> what you want the court to do for you.  Make no legal arguments.  Cite no
cases or statues.

_I WISH FOR THIS COURT TO INVESTIGATE THE CLAIMS SET FORTH, AND_

_GRANT A TRIAL TO ASCERTAIN THE TRUE DAMAGE DONE TO THE PETITIONER,_

_WHO AT THE TIME WAS AND CONTINUES TO BE IN CUSTODY, UNDER THE_

_SUPERVISION OF WARDEN WASHINGTON ADDUCI. THE PETITIONER ALSO ASKS OF THIS_

_COURT TO ASSESS THE DAMAGE DONE TO MS. MICHELLE SMITH, TO ASCERTAIN_

_WHETHER PUNITIVE DAMAGES ARE WARRANTED._

I declare under penalty of perjury that the foregoing is true and correct.

Executed on _____.

_____
SIGNATURE

ADDRESS FCI ALICEVILLE _____

        PO BOX 4000

            ALICEVILLE, ALAMABA   35442

AIS # _13436-040_____

ALI 1330.17
October 15, 2012
Attachment A

INFORMAL RESOLUTION REQUEST (IRR) FORM

| Inmate Name | Smith | Register Number | 13436·04D |
|---|---|---|---|

### INFORMAL RESOLUTION PROCESS

Briefly state the specific complaint, including details and facts which support your request and the date on which the basis for your complaint occurred, your recommended resolution, and the actions you have taken and to whom you have spoken to resolve your complaint in Section 1. Return the form to your Correctional Counselor or other Unit Team staff designated by the Unit. If all efforts at informal resolution fail, you will be issued a BP-9 form in which you may proceed in accordance with our policies and outlined in the institution supplement. The informal resolution process is not in any manner intended to prohibit you from pursuing complaints through this program. It is intended to ensure that all parties attempt to informally resolve an issue prior to initiating the formal process of filing an Administrative Remedy.

SECTION 1
Briefly state your specific complaint, recommended solution, and actions you have taken to resolve: (Please Print)
I have 2nd degree burns on my breast due to an inmate boiling and throwing scolding hot water on me. I have not received the appropriate medical attention and I have concerns about infection setting in. I have repeatedly tried to get my concerns addressed, to no avail. Something needs to be done about my situation.

SECTION 2
Date Received by Counselor for Response: 3·15·14
Summary of fact-finding: See Attached

Actions taken to resolve informally:

Explain reasons for no resolution:

Date IRR form Issued to Inmate: 2·22·14 Unit Team Name (print): RSKinny
Date IRR form Returned to Staff: 2·26·14 Unit Team Name (print): T.King
Date Inmate Issued BP-9: 3·18·14 Unit Team Name (print): T.King
Date Unit Manager/Camp Administrator Reviewed & Signature:

SECTION 3
On _____ (date), this issue was informally resolved. Inmate Signature

Distribution: (1) If complaint is informally resolved, forward the original, signed and dated by the inmate, to the Correctional Counselor for filing. (2) If complaint is NOT informally resolved, forward original, attached to BP-9, to the Coordinator's office for processing by the Clerk.

# FCI ALICEVILLE, ALABAMA

## Response To Informal Resolution Attempt

**Name:** SMITH, Michelle
**Reg. No.:** 13436-040

This is in response to your Informal Resolution Attempt regarding your medical concern.

An inquiry into this matter has yielded the following information. You have been evaluated for your burn and received dressing changes. You are scheduled to see the Mid-Level Practitioner on March 25, 2014 to re-evaluate the healing process.

_____          March 18, 2014
T. King, Correctional Counselor                  Date

_____          March 18, 2014
A. Gentry, Unit Manager                          Date

Informal Resolution:   Accepted or Rejected

_____          3/19/14
Michelle Smith, Inmate                           Date of Acceptance or Rejection

U.S. DEPARTMENT OF JUSTICE

Federal Bureau of Prisons

**REQUEST FOR ADMINISTRATIVE REMEDY**

*Type or use ball-point pen. If attachments are needed, submit four copies. Additional instructions on reverse.*

| From: | Smith, Michelle D. | 13436-040 | F.C.I. - Aliceville | |
|---|---|---|---|---|
| | LAST NAME, FIRST, MIDDLE INITIAL | REG. NO. | UNIT | INSTITUTION |

**Part A- INMATE REQUEST**

...er receiving the response from the previous remedy, I have to say I am not satis
...d.  My concerns on my safety and my health issues have not been fully addressed.
...ave been scarred and assaulted by an inmate while in FBOP custody, and the threa
... still imminent.  I have to worry about infection, permanent scarring, and excru-
...ating pain.  I have had to clean and dress these 2nd degree burns myself by using
...litary napkins to cover my burns to keep my bra from rubbing against the burns be
...use medical neglected to see me right away for assistance.  I am told that I have
... wait for weeks to see a mid-level practitioner to re-evaluate my situation.  As
... patient, if I go to sick call with concerns about my burns, I should be assesse
...ordingly.  So in the interim, I walk around disfigured and traumatized, continu-
...; to worry about possible infections without answers to my concerns.  I arrived a
....I. - Aliceville on October 8th, 2013.  To this date, I still have not seen the
...tor, not even for my burns.  I am a chronic care patient.  In policy, it states
... have a right to professional health care in a timely manner".  This right has
...n violated on several occasions when I was turned back from medical.

| 3/30/14 | Michelle Smith |
|---|---|
| DATE | SIGNATURE OF REQUESTER |

**Part B- RESPONSE**

| | |
|---|---|
| DATE | WARDEN OR REGIONAL DIRECTOR |

*If dissatisfied with this response, you may appeal to the Regional Director. Your appeal must be received in the Regional Office within 20 calendar days of the date of this response.*

**ORIGINAL: RETURN TO INMATE**    CASE NUMBER: _____

CASE NUMBER: _____

**Part C- RECEIPT**

Return to: _____

| LAST NAME, FIRST, MIDDLE INITIAL | REG. NO. | UNIT | INSTITUTION |
|---|---|---|---|

SUBJECT: _____

| DATE | RECIPIENT'S SIGNATURE (STAFF MEMBER) | BP-229(13) |
|---|---|---|
| | | APRIL 1982 |

USP LVN

## REQUEST FOR ADMINISTRATIVE REMEDY

**Administrative Remedy No. 773089-F1**
**Part B- Response**

This is in response to your Request for Administrative Remedy Number 773089-F1, received on March 24, 2014, wherein you state you have concerns of infection, permanent scarring, and pain from a burn you received. You state you have not been seen by a Physician for the burn, and for your chronic care clinic. As relief, you request to be seen by the Physician.

A review of your medical records and consultation with staff reveals you were evaluated for an injury assessment on January 27, 2014, by the Registered Nurse. It was noted you had a burn to the right, inner breast as a result of an altercation. During the assessment, the Registered Nurse applied a burn cream to the affected area and noted the skin was red but intact with no blisters. On January 28, 2014, you were evaluated by the Mid-Level Practitioner for a follow-up appointment for your right breast burn. During the appointment, the Mid-Level Practitioner noted tissue blistering and redness, but no open wounds. The Mid-Level Practitioner conducted a dressing change, administered a pain injection, prescribed pain medication, and scheduled a follow-up appointment.

Further review of your medical record reveals you were evaluated on February 5, 2014, by the Mid-Level Practitioner for a follow-up appointment. It was noted no signs of infection; however, the burn site tissue was beginning to slough (peel). During the visit, a dressing change was conducted, pain injection was given, and pain medication was prescribed. On February 7, 2014, a dressing change was conducted by the Registered Nurse. It was noted you assisted in the dressing change. On February 15, 2014, you were evaluated by the Mid-Level Practitioner for wound care. It was noted that the wound was improving and tissue granulating (healing). You were prescribed pain medication and the wound was cleaned. A follow-up appointment was scheduled. On February 19, 2014, you were evaluated by the Registered Nurse for wound care. The Registered Nurse noted pink/red granulation tissue, scant amount of drainage, no sign of infection, and no sloughing tissue.

On March 24, 2014, you were evaluated by the Mid-Level Practitioner in chronic care clinic for hypertension and chronic planter fasciitis as well as a follow-up for burn to the breast. The Mid-Level Practitioner noted a normal blood pressure reading, renewed pain medication for foot pain, and noted the burn to the breast had resolved.

Accordingly, your Request for Administrative Remedy is denied, in that FCI Aliceville Health Services staff have evaluated and treated your medical complaints based on

Administrative Remedy No. 773089-F1
Part B – Response
Page 2

Patient Care, Program Statement P6031.03, commensurate with community standards, that your burn was appropriately treated and healed, and that you have been seen for your chronic care clinic. **If you are dissatisfied with this response, you may appeal to the Regional Director at the Southeast Regional Office, 3800 Camp Creek Parkway, SW, Building 2000, Atlanta, Georgia 30331.  Your appeal must be received in the Regional Office within 20 calendar days of the date of this response.**

_____
A. Washington-Adduci, Warden

04.11.14
Date

U.S. Department of Justice

**Regional Administrative Remedy Appeal**

Federal Bureau of Prisons

Type or use ball-point pen. If attachments are needed, submit four copies. One copy of the completed BP-229(13) including any attachments must be submitted with this appeal.

From: __Smith,   Michelle   D.__   __13436-040__   __C-1__   __F.C.I.-Aliceville__
           LAST NAME, FIRST, MIDDLE INITIAL          REG. NO.          UNIT          INSTITUTION

**Part A - REASON FOR APPEAL**

have reviewed all of my administrative remedies and responses received to an-
er my issues.  Upon review, it is obvious to me that the core problem is not
i has not been addressed.  I was literally attacked by an inmate while in FBOP
stody.  I was burned by said inmate with scalding hot water.  Said inmate is
ill walking around on the same compound with me.  This is okay to you?  I have
threat in my vicinity who obviously has gotten away with scarring me for life.
s, I broke the law, but punishment has been warrented.  However, the judge did
t impose a sentence of imprisonment along with "abuse by an inmate".  It
uld not be acceptable to the administration here in FCI Aliceville for behav-
rs to go unchecked.  I don't want to be removed from this compound because my
nily is two hours away.  This person who committed assualt against me should
t be on this compound running around after only receiving mere days in segre-
tion.  I did not realize premeditation of boiling and ultimately pouring or
rowing scalding hot water on a live person is legal in the FBOP.  To address
e actual damage done to me, both physically and mentally, a mid-level practi-
ner, or nurse, would never know my discomfort.  Burn victims are usually hos-
talized and treated with Iodine and solutions to help ease the pain and then

_____          _____
            DATE                                    SIGNATURE OF REQUESTER

**Part B - RESPONSE**

MAY -5 2014

_____          _____
            DATE                                    REGIONAL DIRECTOR

If dissatisfied with this response, you may appeal to the General Counsel. Your appeal must be received in the General Counsel's Office within 30 calendar days of the date of this response.

ORIGINAL: RETURN TO INMATE          CASE NUMBER: _773089-R1_

**Part C - RECEIPT**

CASE NUMBER: _____

Return to: _____
                    LAST NAME, FIRST, MIDDLE INITIAL          REG. NO.          UNIT          INSTITUTION

SUBJECT: _____

_____          _____
            DATE                                    SIGNATURE, RECIPIENT OF REGIONAL APPEAL

Regional Administrative Remedy
Smith, Michelle Denise
13436-040
Attachment, Page 1


skin grafting is done. It doesn't matter that I am an inmate. What was done to
me was cruel and unjust. I have rights also, and my rights were violated at FCI
Aliceville. What matters here is, when I was placed here, I had not a burn on my
body. What matters here is that I have to be on constant alert due to this person
who assaulted me being able to resume normal operation within the prison. What
matters here is the lack of regard for my safety, physical health, and mental
state. What matters here is nothing is being done. And that is just not accept-
able at all. FCI Aliceville is responsible for all the damage done to me and it
must be addressed.

Regional Administrative Remedy Appeal No:   773089-R1
Part B - Response

This is in response to your Regional Administrative Remedy Appeal receipted
May 5, 2014.   You allege you sustained a second degree burn when another inmate
assaulted you with scalding hot water.   You further claim a Mid-level Practitioner would not
be able to address your physical and mental damage because burn victims usually receive
treatment in the hospital.   Lastly, you state you have to be on constant alert because the
inmate who allegedly assaulted you is allowed to resume normal activities within the prison
without regard to your safety.

A review of your medical records revealed an injury assessment was performed in the clinic
on January 27, 2014, when reported hot water was thrown on you during an altercation
with another inmate.   The clinician observed redness to an area 13cm x 18cm in size on
your right lower breast.   No blistering was observed and your skin was intact.   Burn cream
was applied and you were advised to keep the area clean and dry.   You received routine
follow-up wound care with silver sulfadiazine cream, dressing changes, and pain
medication until March 24, 2014, when your wound was noted as being resolved.   You
have been approved for a teledermatology consultation with the BOP Dermatologist for
your complaints of skin discoloration and your appointment is currently pending.

An SIS investigation was conducted locally concerning the incident in which you were
assaulted, and institution staff determined that both you and the assailant were able to
return to general population providing that you were assigned to separate housing
units.   SIS staff indicated you were interviewed, and at that time, you presented no
concerns for your safety or return to general population.   Your present concern has been
forwarded to SIS staff, and you are encouraged to report any safety concerns to staff if
they continue.

Accordingly, this response is for informational purposes only.   If dissatisfied with this
response, you may appeal to the Office of General Counsel.   Your appeal must be
received in the Office of General Counsel, Bureau of Prisons, 320 First Street, NW,
Washington, DC, 20534, within 30 calendar days of the date of this response.

___6-23-14___
Date

_____
Regional Director, SERO

MICHELLE DENISE SMITH, 13436-040
ALICEVILLE FCI     UNT: C UNIT     QTR: C03-104L
P.O. BOX 445
ALICEVILLE,  AL 35442

Received   12/17/15

RECEIVED
DEC 15 2015
BY: WARDEN'S OFFICE

U.S. Department of Justice

**Central Office Administrative Remedy Appeal**

Federal Bureau of Prisons

Type or use ball-point pen. If attachments are needed, submit four copies. One copy each of the completed BP-229(13) and BP-230(13), including any attachments must be submitted with this appeal.

| From: | Smith, Michelle | 13436040 | C-1 | FCI Aliceville |
|---|---|---|---|---|
| | LAST NAME, FIRST, MIDDLE INITIAL | REG. NO. | UNIT | INSTITUTION |

**Part A - REASON FOR APPEAL**   To be respectful, after reviewing the response from Regional office, I can only ascertain, that all the facts were not available to them, when issuing the response. Its as if I am not being heard, or maybe my wording is not coming across as I expect. Everyday, that I have to endure, looking at my scarring and disfigurement, brings back the incident that happened to me, under FBOP custody. Cream, dressing changes, and pain meds, do not suffice for the mental scarring that has occured, nor does cream, dressing changes, and pain meds, remove the horrible damage done to my breasts. If you were to take a picture of my body, 'skin discoloration' is not what I see. This scarring can not be downplayed, no matter how many times it is put in writing. As far as the SIS investigation, I have attached documented proof, sent via the prison tru linc system, via a cop-out, that I was not comfortable with her coming back on the compound, so to say that I told SIS I was okay with everything, is far from the truth.The response says that I am to report to SIS, any issue that I may have with safety for my person, once again, the attached shows that I did. Its as if this whole incident is nothing by childs play to the facility, and should bedisposed of. But it wasnt. I reminded everyday what happened to me in FCI Aliceville, and

| | |
|---|---|
| DATE | SIGNATURE OF REQUESTER |

**Part B - RESPONSE**

| DATE | GENERAL COUNSEL |
|---|---|
| ORIGINAL: RETURN TO INMATE | CASE NUMBER: |

**Part C - RECEIPT**

CASE NUMBER: _____

Return to: _____

| | LAST NAME, FIRST, MIDDLE INITIAL | REG. NO. | UNIT | INSTITUTION |
|---|---|---|---|---|

SUBJECT: _____

| DATE | SIGNATURE OF RECIPIENT OF CENTRAL OFFICE APPEAL |
|---|---|

BP-231(13)

2. Attachment Michelle Smith

I am also reminded everyday what could happen again. I am already
doing time. I was not sentenced to hard time, via inmate harrassment,
and staff/facility negligence. This woman is a percieved threat,
yet I remain unheard.

Exhibits A-E
Attached

**Administrative Remedy No. 773089-A1**
**Part B — Response**

This is in response to your Central Office Administrative Remedy
Appeal wherein you allege you were previously attacked by
another inmate while in Bureau of Prisons custody and the mid-
level practitioner is not qualified to treat your mental or
physical injuries.  You further claim you fear for your safety
since the inmate who assaulted you is still walking the
compound.

We have reviewed documentation relevant to your appeal and,
based on the information gathered, concur with the manner in
which the Warden and Regional Director addressed your concerns
at the time of your Request for Administrative Remedy and
subsequent appeal.  Our succeeding review reveals you were
evaluated by the medical doctor on March 27, 2014, when you
reported discoloration along your right breast after being
burned with hot water.  At that time, a consultation request for
evaluation by the dermatologist was requested.  You will be
scheduled to see the dermatologist in the near future.

The record reflects you are receiving medical care and treatment
in accordance with evidence based standard of care and within
the scope of services of the Federal Bureau of Prisons.  Should
you continue to have concerns regarding your mental state or
safety, you are encouraged to discuss these issues directly with
Psychology Services and/or Correctional Services staff.

Considering the foregoing, this response is for informational
purposes only.


_____
12/7/15
Date

Ian Connors, Administrator
National Inmate Appeals

PRIVACY ACT REQUEST
AND
FREEDOM OF INFORMATION ACT REQUEST

Freedom of Information Officer                 Date: Dec. 17, 2015

FCI Aliceville
PO Box 4000
Aliceville, AL. 35442
& Office of General Counsel
FOI Section
320 First St, N.W.
Washington, D.C. 20534

Pursuant to Title 5 U.S.C.A. § 552 Freedom Of Information Act; and the Privacy Act; I hereby request access to and copies of the following information, documentation and all related materials. ALL MEDICAL RECORDS, INCLUDING ALL PICTURES AND RECORDS IN REGARDS TO THE INCIDENT WHICH RESULTED IN PERMANENT SCARRING.(INCIDENT DATED 1/27/2014)

ALL RECORDS INCLUSIVE OF ANY FOLLOWUP CARE IN REGARDS TO SAID INCIDENT.

Pursuant to the Freedom of Information Act and the Privacy Act, I hereby request waiver of fees and costs if any. Pursuant to the Freedom of Information Act, unless an extension of time to respond is timely requested, a response is due within ten (10) days from the date of this request.

Submitted By: _Michelle Denise Smith_ Requestor
                    (Written Name)

MICHELLE DENISE SMITH
(Typed or Printed Name)
Reg. No.: 13436040
UNIT: C3
FCI Aliceville
PO Box 4000
Aliceville, AL 35442

STATE OF Alabama        )
                         ) SS:
COUNTY OF Pickens       )

Authorized by the Act of July 7, 1955, as amended, to administer oaths (18 U.S.C. § 4004).

_____       Case Manager
(Name)                (Title)

SUPPORTING CERTIFICATION OF REQUESTOR

I, Michelle D. Smith, pursuant to Title 28 U.S.C.A.§ 1746, upon my oath before God and under the penalty of perjury of the laws of the United States of America, do hereby certify and State that:

I am the requestor and the signer of this Privacy Act request and Freedom of Information Act Request: and

Further I sayeth not.
This ____17____ day of ___December___, 2015, A.D.
By: _Michelle Denise Smith_, Certifier / Requestor
        (Written Name)
_Michelle Denise Smith_, Certifier/Requestor
        (Printed or Typed Name)

(CW/1197)                    *PLEASE RETURN COPY WITH RESPONSE**

| | 2. Name, Address of claimant and claimant's personal representative, if any. (See instructions on reverse.) (Number, street, city, State and Zip Code) |
|---|---|
| sheet(s) if nec | y. See reverse side for additional instructions. |

bmit to Appropriate Federal Agency:

Southwest Regional Office
3800 Camp Creek Parkway, SW
Building 2000
Atlanta, GA  30331

2. Name, Address of claimant and claimant's personal representative, if any.
(See instructions on reverse.) (Number, street, city, State and Zip Code)
Michelle Denise Smith  reg#:13436-040
FCI Aliceville
PO Box 4000
Aliceville, AL 35442

| YPE OF EMPLOYMENT MILITARY OF CIVILIAN | 4. DATE OF BIRTH | 5. MARITAL STATUS | 6. DATE AND DAY OF ACCIDENT | 7. TIME (A.M. OR P.M.) |
|---|---|---|---|---|
| | | S | Monday, 1/27/14 | 9.30pm |

asis of Claim (State in detail the known facts and circumstances attending the damages, injury, or death, identifying persons and property involved, the place of rrence and the cause thereof) (Use additional pages if necessary.) On the above said date, I sustained serious bodily injury, while in the custody of the FBOP. This injury was caused by another inmate. On 1/27/2014, inmate Sharon Rivers, came out of bounds into my assigned cell, threatening me, before leaving out. Preparing to place my laundry into the assigned dirty linen bin, myself and Rivers exchanged some words. I left the vicinity, and went back into my room, to avoid conflict. Unbeknownst to me, Rivers with deliberate malice and intent, boiled hot water in the microwave, with the inention to scald me with the water. As I was standing in my doorway, Rivers did exactly what she planned.

PROPERTY DAMAGE

ME AND ADDRESS OF OWNER, IF OTHER THAN CLAIMANT (Number, street, city, State, and Zip Code)

IEFLY DESCRIBE THE PROPERTY, NATURE AND EXTENT OF DAMAGE AND THE LOCATION WHERE PROPERTY MAY BE INSPECTED. e instructions on reverse side.)

PERSONAL INJURY/WRONGFUL DEATH

ATE NATURE AND EXTENT OF EACH INJURY OR CAUSE OF DEATH, WHICH FORMS THE BASIS OF THE CLAIM. IF OTHER THAN CLAIMANT, ATE NAME OF INJURED PERSON OR DECEDENT.
Upon being burned by scalding hot water, I have suffered tissue damage, and 2nd degree burns on my right breast. I also had minimal damage to my left breast. I was not treated for these burns until nighttime, and that was only with cream.

WITNESSES

| NAME | ADDRESS (Number, street, city, State, and Zip Code) |
|---|---|
| Lt. St. John Florence Brooks. #17848-076 Victoria Parson. #17579-026 Angela Reed. #08859-379 | FCI Aliceville FCI Aliceville Po Box 4000 Aliceville, AL 35442 |

2. (See instructions on reverse)  AMOUNT OF CLAIM (in dollars)

| 2a. PROPERTY DAMAGE | 12b. PERSONAL INJURY | 12c. WRONGFUL DEATH | 12d. TOTAL (Failure to specify may cause forfeiture of your rights.) |
|---|---|---|---|
| | $10,000,000.00 | | $10,000,000.00 |

CERTIFY THAT THE AMOUNT OF CLAIM COVERS ONLY DAMAGES AND INJURIES CAUSED BY THE ACCIDENT ABOVE AND AGREE TO ACCEPT SAID AMOUNT IN FULL SATISFACTION AND FINAL SETTLEMENT OF THIS CLAIM

| 3a. SIGNATURE OF CLAIMANT (See instructions on reverse side.) | 13b. Phone number of signatory | 14. DATE OF CLAIM |
|---|---|---|
| | | |

| CIVIL PENALTY FOR PRESENTING FRAUDULENT CLAIM The claimant shall forfeit and pay to the United States the sum of $2,000, plus double the amount of damages sustained by the United States. (See 31 U.S.C. 3729.) | CRIMINAL PENALTY FOR PRESENTING FRAUDULENT CLAIM OR MAKING FALSE STATEMENTS Fine of not more than $10,000 or imprisonment for not more than 5 years or both. (See 18 U.S.C. 287, 1001.) |
|---|---|

She threw the microwaved boiled hot water at me. Thank God, it didnt
land in my face. The searing pain, that I felt is undescribable in words.
Then, to add insult to injury, I was sent to the Lt office, with the same
wet shirt and undergarment, that I was doused in, to then be placed in
the Special Housing Unit. I was given some cream, later on that night
which was useless, for such a serious degree of burns.

As of this date, July 10, 2014, not only am I traumatized by seeing this
woman everyday on the compound, I have to look at myself in the generic
mirror supplied to us, and see this horrific disfigurement. Am I okay?
No. I did not come into the Bureau looking like this, and I should not
have to go out scarred for life, due to the negligence of the facililty,
in Aliceville.

Michelle Smith

She threw the microwaved boiled hot water at me. Thank God, it didnt
land in my face. The searing pain, that I felt is undescribable in words.
Then, to add insult to injury, I was sent to the Lt office, with the same
wet shirt and undergarment, that I was doused in, to then be placed in
the Special Housing Unit. I was given some cream, later on that night
which was useless, for such a serious degree of burns.

As of this date, July 10, 2014, not only am I traumatized by seeing this
woman everyday on the compound, I have to look at myself in the generic
mirror supplied to us, and see this horrific disfigurement. Am I okay?
No. I did not come into the Bureau looking like this, and I should not
have to go out scarred for life, due to the negligence of the facililty,
in Aliceville.



**U.S. Department Of Justice**
Federal Bureau of Prisons

*Southeast Regional Office*

Building 2000
3800 Camp Creek Parkway S.W.
Atlanta, Georgia 30331

February 5, 2015

Michelle Smith                    $C.3$
Reg. No. 13436-040
FCI ALT
P.O. Box 4000
Aliceville, AL 35442

Re:    Administrative Claim #TRT-SER-2015-02049

Dear Claimant:

This acknowledges receipt of an administrative tort claim you are submitting for filing wherein you allege personal injury, damage, or death. The claim was accepted for filing on January 15, 2015, by the agency involved in your personal injury/property loss. The Government is afforded six months from the date the claim is accepted for filing to make a final disposition regarding your claim. Therefore, an answer to your claim will be mailed on or before July 14, 2015. It is your responsibility to keep this office apprised of your present address. Also, be advised the acceptance of this claim is not a waiver to any statute of limitation defenses.

If not included with your claim, you will need to provide a complete copy of all records **(do not send originals as they will not be returned)** in your possession relating to this claim as well as a detailed description of the events surrounding the alleged loss. You are advised that failure to provide this information may result in delay in processing, or prejudice the outcome of your claim.

Sincerely,

Lisa M. Sunderman
Regional Counsel



**U.S. DEPARTMENT OF JUSTICE**
**FEDERAL BUREAU OF PRISONS**

*Consolidated Legal Center – FCC Yazoo City*
*Post Office Box 5666*
*Yazoo City, Mississippi 39194*

**Certified Tracking**
**7004 2890 0001 1053 1450**

Michelle Smith
Reg. No. 13436-040
FCI Aliceville
P.O. Box 4000
Aliceville, AL 35442

RE:   Tort Claim Number **TRT-SER-2015-02049**

Dear Claimant:

Your claim has been considered for administrative settlement under the Federal Tort Claims Act (FTCA), Title 28, United States Code, Section 2672 et seq., and authority granted by Title 28, Code of Federal Regulations, Section 0.172.  Section 2672 of the FTCA delegates to each federal agency the authority to consider, determine, and settle any claim for money damages against the United States for loss of personal property or injury caused by the negligent or wrongful act or omission of any employee of the agency while acting within the scope of his office or employment.

You are seeking monetary damages in the amount of $10,000,000.00 for an alleged personal injury.  Specifically, you allege that on January 27, 2014, another inmate came out of bounds and doused you with boiling water while you were in your cell.  You claim that you sustained tissue damage and second-degree burns on your breasts.   You also complain that your medical treatment was inadequate because you only received cream for your condition the evening the incident occurred.  You allege that you are traumatized by having to see the inmate who attacked you on the compound and that you are traumatized by having to look at your "disfigurement" in the mirror.

We have investigated your claims, and our investigation revealed the following.   At approximately 9:40 PM on January 27, 2014, you were involved in an altercation with another inmate. This inmate threw boiling water on your chest while you were in your cell.  Immediately following the altercation, you were evaluated by a mid-level medical practitioner.  During this evaluation, the mid-level medical practitioner noted that you had a 13cm by 18 cm sized area of redness on your right, inner breast.  According to the mid-level medical practitioner, your skin was intact and there was no evidence of blistering.  You were diagnosed as having suffered a second degree burn, and you were prescribed Silver Sufadiazine cream for treatment.

The next day, on January 28, 2014, FCI Aliceville Health Services staff reviewed your medical condition and noted that you had a 5 cm by 5 cm area of blistering from the burn you sustained. However, no open wound or tissue dissolution was documented. The burn area was cleaned, treated with burn cream, and dressed. You were also given a Ketorolac injection for pain.

On February 5, 2014, you received another Ketorolac injection for pain, and your wound was cleaned, treated with burn cream, and dressed. Health Services staff also provided you with bandages and triple antibiotic ointment for you to change your dressings on a daily basis.

On the following dates in 2014, you were seen by Health Services at FCI Aliceville for review, cleaning, and dressing of your wound: February 7; February 15; February 9; February 19; and March 24.

On March 24, 2014, you presented to FCI Aliceville Health Services stating that, though you occasionally experienced some pain, your burn on your right breast had resolved. Subsequently, on November 21, 2014, Health Services noted during a sick-call visit that you had a "well healed scar along [your] medial anterior right breast."

According to your medical records, your second-degree burns were shallow in depth—they appeared to be only one (1) millimeter deep, and they did not penetrate beyond the epidermis layer of your skin. You did not sustain any nerve damage as a result of your burns. In addition, on February 12, 2014, psychology noted that you felt you were "healing well" and that you did not express any medical concerns.

Another inmate caused your injuries by assaulting you with hot water. Under the FTCA, the United States is liable only for the negligent or wrongful acts or omissions of its employees. You do not claim Bureau staff failed to protect you from a known threat or danger. Also, there is no indication in your psychology records that you felt traumatized by having to see the inmate who assaulted you on the compound or from seeing yourself in the mirror. Based on the above, we found no evidence that you have sustained an injury or loss caused by the negligent or wrongful act or omission of any Federal Bureau of Prisons employee acting within the scope of his or her employment. Moreover, our investigation revealed that you received appropriate evidence-based care in accordance with proven, effective medical standards.

You are advised that if you are dissatisfied with our determination in this matter, you are afforded six (6) months from the date of the mailing of this communication within which to bring suit in the appropriate United States District Court.

Sincerely,

Marc Perez

Marc Perez
Supervisory Attorney

Date: 7/8/15